IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-41632-TLS |
| | ) | |
| DONALD L. LOURY, JR., | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## ORDER

      A final hearing with live testimony was held in Lincoln, Nebraska, on September 27, 2011, on a motion for relief from stay filed by creditor Drennen Watts (Fil. #22), and an objection by Debtor (Fil. #32). Douglas D. DeLair appeared for Debtor ("Loury"), and Nick Froeschl and Joel Lonowski appeared for Drennen Watts ("Watts"). Evidence was received and Debtor has submitted his post-trial brief (Fil. #65). This matter is now ready for decision.

      For the reasons discussed below, the motion for relief from stay is denied.

      This dispute has a long and tortured history. Prior to January 2003, Loury had been renting from Watts the real property commonly known as 9600 North 27th Street, Davey, Nebraska ("Property"). In January 2003, Loury, as purchaser, and Watts, as seller, entered into a purchase agreement for the Property. Loury agreed to buy the Property for $150,000.00, to be paid to Watts over 15 years at 8% interest. Pursuant to the purchase agreement, Loury executed a promissory note agreeing to pay to Watts the sum of $1,400.00 per month commencing March 14, 2003, and continuing on the 14th day of each month thereafter until October 14, 2018, at which time the balance would be paid in full. The agreement also provided for payment of the real estate taxes.

      Loury quickly became delinquent in making payments under the note. Unfortunately, Watts failed to keep contemporaneous payment records and also failed to provide annual accountings with respect to the real estate taxes. Loury filed for protection under Chapter 13 of the Bankruptcy Code in October 2006, Case No. 06-41365. During the course of that case, the parties engaged in litigation regarding the proof of claim and motion for relief from stay filed by Watts. In May 2008, the parties ultimately entered into a stipulation which provided for the cure of Loury's post-petition default. The Chapter 13 case was dismissed in June 2008 on the request of the Chapter 13 trustee for failure to make payments under the plan.

      After the bankruptcy was dismissed, Watts pursued nonjudicial foreclosure under the Nebraska Trust Deeds Act, conducted a trustee's sale, and issued a trustee's deed dated May 4, 2009. Loury commenced litigation in the District Court of Lancaster County, Nebraska, Case No. CI09-1492, asserting various defects in the notices and processes used by Watts. By the terms of an order dated September 28, 2010, the district court found that the property was used for farming operations and that the notice procedures under Neb. Rev. Stat. § 76-1006(2) applied. The district court further found that the notice issued by Watts failed to comply with the Nebraska Trust Deeds Act and that the trustee's deed issued on May 4, 2009, should be set aside. However, due to the discrepancies with respect to the balance due, the district court ordered the appointment of a referee

to make a final accounting. After the referee was appointed, the district court issued its final decree dated March 29, 2011, finding the specific amount of principal, interest, and taxes due under the note and deed of trust, and setting aside the trustee's deed dated May 4, 2009. Neither Loury nor Watts appealed.

Two and one-half months later, without making any further payments to Watts, Loury filed this Chapter 13 case on June 13, 2011. On August 2, 2011, Watts filed his motion for relief from stay. After a preliminary hearing held on August 31, 2011, this court ordered that a final hearing be held on September 27, 2011, with live testimony. Following such hearing, the court took the matter under advisement and gave the parties time to file post-trial briefs.

Since the district court found the loan had been accelerated and the entire amount of principal, interest, and real estate taxes were due, Watts first argued that Loury must pay such amount in full during the term of the Chapter 13 plan and that Loury does not have the ability to do so. That argument, however, fails to recognize that §§ 1322(b)(3) and(5) of the Bankruptcy Code very clearly provide for the right to cure defaults and maintain payments on long-term debt.

The next and primary argument raised by Watts is that he should be entitled to relief under 11 U.S.C. § 362(d)(2) because there is no equity in the Property and the Property is not necessary for an effective reorganization because reorganization would be in bad faith and is not feasible.

The bad faith argument appears to be based on the years of litigation and the prior bankruptcy filing. However, that argument overlooks the fact that the litigation was caused, at least in part, by Watts' own failure to keep proper records, provide an accurate accounting, and to comply with the Nebraska Trust Deeds Act. Given the history, and the findings of the district court, this second bankruptcy filing does not constitute a lack of good faith.

Finally, Watts believes that confirmation of a Chapter 13 plan is simply not feasible. Although it is certainly a close call, I cannot at this time say that Loury will not be able to propose a confirmable plan. At the final hearing, Loury presented testimony of the recent increase in his income due to improvements in the residential housing market for which he operates as a framer for various builders. He also presented the testimony of his ex-wife, now his roommate, who shares in the payment of his bills. Finally, the evidence indicated that Loury has managed to remain current on his post-petition plan payments and post-petition payments to Watts.

IT IS, THEREFORE, ORDERED that the motion for relief from stay filed by Watts (Fil. #22) is denied.

DATED: October 20, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Douglas D. DeLair
    *Nick Froeschl/Joel Lonowski
    Kathleen Laughlin
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.